UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-20685-CV-LENARD/TURNOFF

ADOLFO ARZU MARTINEZ,

       Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon an Order of Referral entered by the Honorable Joan

A. Lenard on June 18, 2010 referring several matters related to Defendant's Motion to Compel

Arbitration **[DE 27]** and Plaintiff's Motion for Remand **[DE 29]** for an evidentiary hearing before

the undersigned. See **[DE 41]**.   Judge Lenard's Order of Referral specifically states,

> ORDER REFERRING CASE to Magistrate Judge William C. Turnoff for an evidentiary hearing. On March 31, 2010, Defendant filed its motion to compel arbitration of Plaintiff's claims and on April 7, 2010, Plaintiff filed its motion to remand this case back to state court. (See D.E. 27, 29.) Both motions are now ripe. Upon review of the motions and their related pleadings, the record is unclear regarding several factual issues pertinent to both motions including: (1) the date of Plaintiff's injury in "mid 2007"; (2) the existence and nature of any employment agreement or agreement to arbitrate at the time of injury; and (3) the governing law applicable to Plaintiff's claims. Because the record is unclear as to these issues, the Court refers the matter for additional factual findings and oral argument (if necessary). This entry constitutes the ENDORSED ORDER in its entirety. Signed by Judge Joan A. Lenard on 6/18/2010. (MHZ) (Entered: 06/18/2010).

**[DE 41]**.

A hearing on this action took place before the undersigned on August 10, 2010.   At the

hearing, the parties advised the Court that they were able to reach agreement as to the  factual issues

at hand. **[DE 49]**. The undersigned ordered the parties to submit a written stipulation for the

Court's review, on or before August 24, 2010. Id.

The parties submitted their Joint Stipulation of Facts on August 20, 2010. **[DE 50]**. Same is attached and incorporated into this Report and Recommendation.

Upon review the Joint Stipulation, the court file, the factual issues noted in the Order of Referral, and being otherwise duly advised in premises, it is hereby **RESPECTFULLY RECOMMENDED** that the attached stipulation be **ADOPTED** in its entirety as it relates to Defendant's Motion to Compel Arbitration **[DE 27]** and Plaintiff's Motion for Remand **[DE 29]** and all related matters.      Pursuant to 28 U.S.C. § 636(b)(1)( c), the parties may file written objections to this Report and Recommendation with the Honorable Joan A. Lenard, United States District Court, within fourteen (14) days of receipt. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, reh'g denied, 7 F. 3d 242 (11th Cir. 1993) (*en banc*); LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this ____ day of August 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:    Hon. Joan A. Lenard
       Counsel of Record

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 10-20685-CIV-LENARD/TURNOFF**

ADOLFO ARZU MARTINEZ,

      Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

      Defendant.

_____/

**JOINT STIPULATION OF FACTS BY THE PARTIES REGARDING THE AREAS OF**
**INQUIRY AS PER THE ORDER OF REFERRAL (DE 41)**
**AND MINUTE ORDER (DE49)**

COMES NOW, the Parties, by and through their undersigned counsel and hereby file their Joint Stipulation pursuant to the Minute Order (DE 49) of this Court and would show as follows:

1.    On June 16, 2010 this Court entered an Order referring the case to Magistrate Judge William C. Turnoff in order to clarify factual questions as referred to in said Order (DE 41).

2.    The parties appeared before the Honorable Magistrate Judge William C. Turnoff for a Status Conference on August 10, 2010. As a result of the Status Conference, an Order was entered requiring the parties to file a formal pleading/Joint Stipulation regarding factual findings listed within the Order of Referral (DE 49).

3.    The Order of Referral (DE 41) indicated that the record was unclear regarding the following factual issues pertinent to both motions including:

    (1)    The date of Plaintiff's injury in "mid 2007";

1

      (2)     The existence and nature of any employment agreement or agreement to arbitrate at the time of injury; and

      (3)     The governing law applicable to Plaintiff's claims.

    4.     The parties have agreed to stipulate as to the following facts regarding the above three (3) areas of inquiry.

      (1)     **The date of Plaintiff's injury in "mid July 2007"**: The parties stipulate that the date of the Plaintiff's initial injury as alleged in Plaintiff's Complaint was in July of 2007.

      (2)     **The existence and nature of any employment agreement or agreement to arbitrate at the time of injury**: The parties stipulate at the time of the injuries as alleged in Plaintiff's Complaint there were two (2) agreements in existence that would apply to Plaintiff's claims. The initial agreement dated June 8, 2007 would apply to Plaintiff's claims that arose in July of 2007. The second agreement dated January 11, 2009 would apply to Plaintiff's claims that arose in May of 2009. Paragraph seven (7) of both agreements provide for arbitration. Paragraph eight (8) of both agreements provide that all disputes arising under or in connection with the agreement or seafarer's service on the vessel shall be resolved in accordance with, the laws of the flag of the vessel on which seafarer is assigned at the time the cause of action accrues.

      (3)     **The governing law specified in Carnival's contracts**: The parties stipulate that the contracts say that the governing law is the law of the flag

2

of the vessel. The parties stipulate that the INSPIRATION is flagged in the Bahamas, and that the VICTORY is flagged in Panama.

(4)    The parties stipulate that the factual questions set forth in this Court's Order of Referral (DE41) have been stipulated to with the exception of the governing law applicable to Plaintiff's claims which is a question of the law for this Court to decide.

(5)    Defendant has now indicated it would be willing to stipulate to the application of U.S. Law to Plaintiff's Jones Act claims only. Plaintiff does not agree that the Defendant can now unilaterally amend the employment agreements previously entered into. Plaintiff has set forth his position in his response in opposition to Motion to Dismiss and Compel Arbitration and readopts the arguments contained therein that Carnival's contracts are void and unenforceable such that arbitration cannot be compelled and Plaintiff is entitled to have his case remanded to State Court.

WHEREFORE, the parties respectfully submit their Joint Stipulation of Facts as per the Minute Order dated August 10, 2010 (DE 49).

3

Respectfully submitted,

RIVKIND PEDRAZA & MARGULIES, P.A.
Attorney for Plaintiff
66 West Flagler Street
Suite 600
Miami, FL 33130
(305) 374-0565
(305) 539-8341 (fax)

and

RUSSO APPELLATE FIRM, P.A.
6101 Southwest 76th Street
Miami, Florida 33143
Telephone: (305) 666-4660
Facsimile: (305) 666-4470

Counsel for Plaintiff

By: /s Bruce Margulies
BRUCE MARGULIES
FBN. 354414

-And-

MASE, LARA, EVERSOLE, P.A.
Attorneys for Defendant
2601 Bayshore Drive
Suite 800
Miami, FL  33133
(305) 377-3770
(305) 377-0080

Counsel for Defendant

By: /s/ Scott P. Mebane
SCOTT P. MEBANE
FBN. 272030

4