UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20685-CIV-LENARD/TURNOFF

**ADOLFO ARZU MARTINEZ,**

    Plaintiff,

v.

**CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,**

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION (D.E. 27), DENYING PLAINTIFF'S MOTION FOR REMAND (D.E. 29), ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 51), AND CLOSING CASE

**THIS CAUSE** is before the Court on Defendant Carnival Corporation's Motion to Dismiss and Compel Arbitration ("Motion to Compel," D.E. 27),[1] filed on March 31, 2010, and Plaintiff's Motion for Remand ("Motion for Remand," D.E. 29),[2] filed on April 7, 2010. Having considered the Motion to Compel, Motion for Remand, related pleadings, and the record, the Court grants Defendant's Motion to Compel and denies Plaintiff's Motion for

---

[1] Plaintiff filed his response in opposition to the Motion to Compel on April 7, 2010, to which Defendant filed its reply on April 19, 2010. (See D.E. 28, 33.)

[2] Defendant filed its response in opposition to the Motion for Remand on April 21, 2010, to which Plaintiff filed his reply on May 3, 2010. (See D.E. 34, 35.) Plaintiff additionally filed a Notice of Supplemental Authority, attaching another decision in this District in Sivanandi v. NCL (Bahamas) LTD., Case No. 10-20296-CIV-UU (S.D. Fla. Apr. 15, 2010). (See D.E. 32.)

Remand for the following reasons.

## I.     Background

Plaintiff, a seaman injured during his employment aboard the *M/V Carnival Inspiration* and *M/V Carnival Victory*,[3] brought the instant action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging: (1) negligence under the Jones Act, 46 U.S.C. § 30104; (2) unseaworthiness; (3) failure to treat or provide adequate medical care; and (4) failure to provide maintenance and cure.  Plaintiff served as a cabin steward for Defendant, performing duties such as transporting luggage for passengers.  The Complaint alleges that in July 2007 he started suffering from back pain and reported these concerns to Defendant's medical staff.  (See "Complaint," D.E. 1-1 at ¶ 14; Joint Stipulation of Facts, D.E. 50 at 2.)  The Complaint also alleges that "[s]ometime in May 2009," Plaintiff injured his back a second time.  (Id. at ¶ 21.)  Despite these injuries, Plaintiff was advised to continue working and given inappropriate medical treatment.  Finally, near the end of October 2009,

---

[3]     Although the Complaint references the *M/V Carnival Inspiration*, the Parties later stipulated that Plaintiff's initial injury occurred in July 2007. (See Stipulation of Facts, D.E. 50.)  In its Motion to Compel, Defendant indicates its records show Plaintiff was aboard the *M/V Carnival Inspiration* only between October 9, 2006, and April 19, 2007, or before the alleged initial injury. (See Motion to Compel at 1 n.1.)  The *M/V Carnival Inspiration* is flagged in the Bahamas.  Defendant's records further indicate Plaintiff was employed aboard the *M/V Carnival Paradise* commencing on June 8, 2007.  The *M/V Carnival Paradise* is flagged in Panama.  Plaintiff also served aboard the *M/V Carnival Pride* and *M/V Carnival Conquest* prior to February 16, 2009.  Those vessels are also flagged in Panama.  Finally, Plaintiff served on the *M/V Carnival Victory* between February 16, 2009, and June 14, 2009.  That vessel is also flagged in Panama.  Plaintiff does not dispute or contest Defendant's records in any of its pleadings.  Thus, according to Defendant's records, Plaintiff was serving aboard a Panamanian flagged ship during the period of his initial injury.  As explained later, whether Plaintiff was aboard the *M/V Carnival Inspiration* or another ship ultimately does not affect the analysis in this particular case.

Plaintiff finally received surgical treatment for his injuries. (Id. at ¶ 23.)

On March 8, 2010, Defendant removed this action, arguing that Plaintiff's claims are governed by identical arbitration provisions contained in two separate employment agreements and therefore federal question jurisdiction exists pursuant to 9 U.S.C. § 202. (See D.E. 1.) The Parties stipulate that at the time of the July 2007 injury, Plaintiff was employed under an employment agreement dated June 8, 2007 (the "June 2007 Agreement"). (See Joint Stipulation of Facts, D.E. 50 at 2; D.E. 27-1 at 1-3.) The Parties additionally stipulate that at the time of the May 2009 injury, Plaintiff was employed under an employment agreement dated January 11, 2009 (the "January 2009 Agreement"). (See Joint Stipulation of Facts, D.E. 50 at 2; D.E. 27-1 at 4-6.) The employment agreements, in relevant part, provide:

> 7. **Arbitration**. Except for a wage dispute governed by CCL's Wage Grievance Policy and Procedure, any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration under the American Arbitration Association/International Centre for Dispute Resolution International Rules, which Rules are deemed to be incorporated by reference into this clause. The number of arbitrators shall be one. <u>The place of arbitration shall be London, England, Monaco, Panama City, Panama, or Manila, Philippines, whichever is closer to Seafarer's home country</u>. The Seafarer and CCL must arbitrate in the designated jurisdiction to the exclusion of all other jurisdictions.
>
> ***
>
> 8. **Governing Law**. This Agreement shall be governed by, and <u>all disputes arising under or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance with, the laws of the flag of the vessel on which Seafarer is assigned at the</u>

>    time the cause of action accrues, without regard to principles of conflicts of laws thereunder.  The parties agree to this governing law notwithstanding any claims for <u>negligence, unseaworthiness, maintenance, cure, failure to provide prompt, proper and adequate medical care</u>, wages, personal injury, or property damage which might be available under the laws of any other jurisdiction.

(<u>See</u> D.E. 27-1 at 1-6 (emphasis added).)  Plaintiff's home country is Honduras.  Additionally, both the *M/V Carnival Paradise* and *M/V Carnival Victory* fly Panamanian flags of convenience.  Thus, pursuant to the employment agreements, any arbitration must take place in Panama and must be governed by Panamanian law.[4]

On March 31, 2010, Defendant filed its Motion to Compel, seeking to compel arbitration of Plaintiff's claims pursuant to the June 2007 Agreement, the January 2009 Agreement, and <u>Bautista v. Star Cruises</u>, 396 F.3d 1289 (11th Cir. 2005).

On April 7, 2010, Plaintiff filed his Motion for Remand, seeking to remand this case back to state court in its entirety pursuant to <u>Thomas v. Carnival Corporation</u>, 573 F.3d 1113 (11th Cir. 2009) and this Court's decision in <u>Pavon v. Carnival Corporation</u>, Case No. 09-22935-CIV.[5]

---

[4] Again, although the Complaint references the *M/V Carnival Inspiration*, the Parties have stipulated that the June 2007 Agreement is the applicable employment agreement for Plaintiff's initial injuries in July.  (<u>See</u> Stipulation of Facts, D.E. 50 at 2.)  That agreement coincides with Defendant's employment records, which indicate Plaintiff was employed aboard the *M/V Carnival Paradise*, commencing on June 8, 2007, the date of the relevant employment agreement.  (<u>See</u> Motion to Compel at 1 n.1.)  For reasons explained in more detail below, it is worth noting that even if Plaintiff argued and established that he was employed on the *M/V Carnival Inspiration*, a vessel flagged in the Bahamas, he has provided no evidence of how Bahamian law might negatively impact his potential claims or even differ from Panamanian law.

[5] Although this Court in <u>Pavon</u> initially remanded the case back to state court in its entirety, it subsequently reconsidered and determined the plaintiff's claims should be bifurcated such that his

On June 18, 2010, the Court referred this matter for an evidentiary hearing to the Magistrate Judge due to substantial ambiguity in the pleadings as to several material facts. The Court stated in relevant part:

> Upon review of the motions and their related pleadings, the record is unclear regarding several factual issues pertinent to both motions including: (1) the date of Plaintiff's injury in "mid 2007"; (2) the existence and nature of any employment agreement or agreement to arbitrate at the time of injury; and (3) the governing law applicable to Plaintiff's claims. Because the record is unclear as to these issues, the Court refers the matter for additional factual findings and oral argument (if necessary).

(See D.E. 41.)

On August 10, 2010, the Magistrate Judge held an evidentiary hearing where the Parties indicated they could reach agreement on the relevant factual issues. (See D.E. 49.) As a result of that hearing, the Parties submitted a joint stipulation of facts ("Joint Stipulation," D.E. 50). In the Joint Stipulation, the Parties stipulate that: (1) Plaintiff's initial injury occurred in July 2007; (2) the June 2007 Agreement and the January 2009 Agreement are the two relevant employment agreements in force at the time of Plaintiff's respective injuries; and (3) Defendant is willing to stipulate to the application of U.S. law to Plaintiff's Jones Act claim. On August 26, 2010, the Magistrate Judge issued a Report and

---

statutory Jones Act and Seaman's Wage Act claims should be remanded while his non-statutory claims for maintenance and cure and unseaworthiness must be compelled to arbitration. See Thomas, 573 F.3d at 1119-20 (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985)) ("Although it would be more efficient to try all claims together, the Supreme Court has stated that efficiency does not trump resolution in the proper forum.").

Recommendation, recommending the Court adopt the stipulated facts.[6] (See D.E. 51.)

## II. Defendant's Motion to Compel and Plaintiff's Motion for Remand

### A. Defendant's Motion to Compel

Defendant's Motion to Compel argues Plaintiff's claims must be compelled to arbitration pursuant to the employment agreements, the United Nations Convention on the Enforcement and Recognition of Arbitral Awards, adopted June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"), and the Eleventh Circuit's decision in Bautista. Defendant urges the Court to remand Plaintiff's non-statutory claims in the event the Court determines Plaintiff's Jones Act claim is not arbitrable.

In response, Plaintiff heavily relies upon Thomas and Pavon in urging the Court to remand instead of compel arbitration. It is Plaintiff's belief that the arbitration provisions are unenforceable pursuant to the Convention's affirmative defense in Article V that "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that ... the recognition or enforcement of the award would be contrary to the public policy of that country." Art. V(2)(b). Essentially, Plaintiff argues the arbitration agreements' requirement that he arbitrate his Jones Act claim in Panama, pursuant to Panamanian or Bahamian law,

---

[6] The Report provided the Parties with fourteen (14) days to file objections. To date, neither side has filed any objections to the Report. Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Accordingly, after an independent examination of the Report, it is **ADOPTED**.

would strip him of his statutory rights under the Jones Act and thus would be contrary to public policy. Plaintiff further argues that the Court may not sever the arbitration provision or compel arbitration of all of his claims under U.S. law. Finally, Plaintiff complains that other provisions of the arbitration agreement unfairly limit his ability to adequately conduct discovery or prove any of his claims in arbitration.

In reply, Defendant attempts to distinguish this case from Thomas. First, Defendant asserts that Thomas is limited to claims under the Seaman's Wage Act, which is not present here. Second, Defendant argues that the Convention's affirmative defense in Article V for arbitral awards that are against public policy should not be applied prospectively where there is yet no award. Defendant asserts there will be an opportunity for judicial review of any arbitral award because all of Plaintiff's non-statutory claims, as well as his Jones Act claim, would likely result in some award subject to review. With regard to Plaintiff's discovery concerns, Defendant "submits that the arbitration be conducted in accordance with the International Centre for Dispute Resolution ("ICDR") Rules governing the exchange of information during international arbitration." (Reply at 9.)

### B.    Plaintiff's Motion for Remand

Plaintiff's Motion for Remand consists of approximately two pages incorporating his arguments submitted in response to the Motion to Compel and urging the Court to follow its decision in Pavon. Defendant filed a response totaling approximately one paragraph which incorporates its prior arguments. In reply, Plaintiff reiterates its position that remand is

appropriate.

### III.     Discussion

The Convention "is a multi-lateral treaty that requires courts of a nation state to give effect to private agreements to arbitrate and to enforce arbitration awards made in other contracting states." Thomas, 573 F.3d at 1116.  The United States enforces the Convention through Chapter 2 of the Federal Arbitration Act, also known as the "Convention Act," which incorporates the terms of the Convention.  See 9 U.S.C. §§ 202-208.

In deciding whether to compel arbitration under the Convention, the Court conducts a "very limited inquiry." Bautista, 396 F.3d at 1294 (citing Francisco v. Stolt Achievement MT, 293 F.3d 270, 273 (5th Cir. 2002)).  Unless one of the Convention's affirmative defenses applies, the Court must order the parties to arbitrate if the following four jurisdictional prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, that is considered commercial; and (4) a party to the agreement is not a citizen of the United States, or the commercial relationship has some reasonable relationship with one or more foreign states.  Thomas, 573 F.3d at 1117; Bautista, 396 F.3d at 1294-95.  As stated previously, Article V of the Convention provides that the "[r]ecognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . the recognition or enforcement of the

award would be contrary to the public policy of that country."

The Court finds Plaintiff must arbitrate all of his claims pursuant to the June 2007 Agreement and the January 2009 Agreement. First, the four jurisdictional prerequisites identified in Bautista are undeniably present in this case. The Parties stipulate that the June 2007 Agreement and January 2009 Agreement were in place at the time of Plaintiff's injuries. These written agreements demonstrate the Parties agreement to arbitrate their disputes. Second, the agreements provide for arbitration in Panama, a signatory to the Convention. Third, the Eleventh Circuit in Bautista determined that seamen's employment contracts like the ones in this case arise out of a commercial relationship. 396 F.3d at 1295-96. That ruling was reaffirmed in Thomas. 573 F.3d at 1117. Finally, neither side is a U.S. citizen. Thus, the Court must compel arbitration unless one of the Convention's affirmative defenses applies.

In Thomas, the Eleventh Circuit held that a similar arbitration provision was void and unenforceable as a matter of public policy pursuant to Article V's affirmative defense. Nevertheless, Thomas dealt with a set of circumstances very unique from this case. The seaman plaintiff in Thomas brought an action against his employer alleging Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and failure to provide wages under the Seaman's Wage Act. Id. at 1114. Because of the timing of the plaintiff's alleged injuries and because the majority of his injuries occurred while he was employed under an employment agreement that did not contain any arbitration provision, the Eleventh

Circuit found only a portion of the Seaman's Wage Act claim was even subject to a written arbitration provision. Id. at 1119. Finding Panamanian law did not provide a reasonable equivalent to plaintiff's rights under the Seaman's Wage Act and there was no assurance of an opportunity for review of plaintiff's only claim, the Thomas court held that the arbitration and choice of law provisions acted in tandem to strip the plaintiff of his statutorily-created rights. Id. at 1123. Thus, the Thomas court found the arbitration provision null and void, as contrary to public policy, with regard to the plaintiff's wage claim and reversed the district court's decision to compel arbitration. Id. at 1124. However, nothing in Thomas overturned Bautista, suggested all arbitration provisions in seamen's employment contracts were void, or implied that such contracts were not covered by the Convention.

In Pavon, this Court addressed a similar situation. The seaman plaintiff in Pavon raised Jones Act negligence, unseaworthiness, maintenance and cure, and Seaman's Wage Act claims against his employer. Such claims were subject to an arbitration provision that provided such claims be adjudicated under Panamanian law. Based upon Thomas and a recent decision in this District in Kovacs v. Carnival Corporation, 2009 WL 4980277 (S.D. Fla. Dec. 21, 2009), the Court found the arbitration provision at issue void with respect to the plaintiff's Jones Act and Seaman's Wage Act claims and remanded those claims back to state court. The Court then compelled arbitration as to the plaintiff's remaining non-statutory claims.

The Court finds the Convention's "public policy" affirmative defense does not apply

in this case so as to void the arbitration provisions contained in the June 2007 and January 2009 agreements. As an initial matter, it is worth noting that Plaintiff has not explained how Panamanian law fails to provide him with a reasonable equivalent to his statutory Jones Act claim or submitted <u>any</u> evidence in support. Instead, Plaintiff merely cites to <u>Pavon</u>. Nevertheless, the issue was litigated in <u>Pavon</u>, including through affidavits from Panamanian attorneys, as well as heavily litigated in the nearly simultaneous action in <u>Kovacs</u>, upon which this Court relied. Plaintiff has not provided any affidavits or evidence as to why the result would be the same in this case.[7] This is a different case from <u>Pavon</u>. Moreover, there is no guarantee that Panamanian law has not changed since that decision was rendered. Next, this case is easily distinguishable from both <u>Thomas</u> and <u>Pavon</u> in other respects. First, unlike in either case, Defendant has stipulated to the application of U.S. law with respect to Plaintiff's Jones Act claim. That alleviates the concern that Plaintiff is being stripped of his statutory rights. Second, unlike in <u>Thomas</u>, there will most likely be an opportunity for judicial review. There is a much greater chance of an arbitration award given the fact that all of Plaintiff's claims will be submitted to arbitration and U.S. law shall be applied to Plaintiff's Jones Act claim. Third, unlike in both <u>Thomas</u> and <u>Pavon</u>, this case does not involve a claim under the Seaman's Wage Act. Finally, Defendant has stipulated that arbitration will be conducted in accordance with the ICDR Rules governing the exchange of information during international arbitration. Accordingly, consistent with this Order, it is

---

[7]   Nor has Plaintiff provided any affidavits or evidence as to how or why Bahamian law might also strip Plaintiff of his statutory rights.

**ORDERED AND ADJUDGED** that:

1. Defendant Carnival Corporation's Motion to Dismiss and Compel Arbitration (D.E. 27), filed on March 31, 2010, is **GRANTED** and the Parties shall arbitrate Plaintiff's claims. Arbitration shall occur in the manner and location described in the employment agreements and pursuant to Defendant's stipulation as to the application of U.S. law to Plaintiff's Jones Act claim and the use of ICDR rules governing discovery;

2. Plaintiff's Motion for Remand (D.E. 29), filed on April 7, 2010, is **DENIED**;

3. The Report and Recommendation of the Magistrate Judge (D.E. 51), issued on August 26, 2010, is **ADOPTED**;

4. All other pending motions are **DENIED AS MOOT**;

5. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of March, 2011.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**